(26 Misc. Rep. 629.)

LYMAN v. BRADSTED.

(Supreme Court, Special Term, Orange County.   March, 1899.)

1. LIQUOR TAX LAW—UNINCORPORATED VILLAGES—BOUNDARIES.

State excise commissioners, establishing the boundary of an unincorporated village, and determining the population thereof, under Laws 1896, c. 112, as amended by Laws 1897, c. 312, § 11, subd. 7, so as to ascertain the amount of excise tax to be assessed under the chapter according to the population, may include such hamlets and localities as are so close together as to constitute a single community for all purposes of trade and association.

2. SAME.

They may also include in the same boundary a community a portion of which is in a town which had prohibited trafficking in liquors.

Injunction by Henry H. Lyman, as state commissioner of excise, against Hans P. Bradsted, to restrain defendant from trafficking in liquor.   Granted.

William E. Schenck (Walter S. Jenkins, of counsel), for petitioner. Frank P. Demarest, for respondent.

HIRSCHBERG, J.   For the purpose of ascertaining the number of inhabitants in order to determine the amount of excise tax to be assessed under the liquor tax law (chapter 112, Laws 1896, as amended by chapter 312, Laws 1897), subdivision 7 of section 11 of that law provides as follows:

"When the population of a city or village is not shown by the last state census, it shall be determined for the purposes of this act by the last United States census, and if not shown by reason of the incorporation of a new city or village, or by reason of not having been separately enumerated, the state commissioner of excise is authorized and directed to cause an enumeration of the inhabitants to be taken in such city or village, if the commissioner has any doubt as to the number of the population as affecting the amount of the excise tax assessed therein.   He may also cause to be taken an enumeration of the inhabitants of any hamlet or unincorporated village, after first having established a limit or boundary line around such hamlet or unincorporated village, within which limit or boundary line such enumeration may be taken. Whenever a limit or boundary line shall have been established around any hamlet or unincorporated village, such limit or boundary line shall be described and certified to by the state commissioner of excise and be entered of record and become part of the records of the state department of excise, and such limit or boundary line shall not be changed for a period of five years after the date of recording the same, except such hamlet or unincorporated village become an incorporated village with corporate limits and boundary lines different from those established by the state commissioner of excise, in which case such newly incorporated village may be enumerated as hereinbefore provided in this section."

Pursuant to this provision, the state commissioner of excise caused an enumeration of the inhabitants of the unincorporated village of Spring Valley, in Rockland county, to be duly taken in the month of February, 1898, having first established a limit or boundary line around said village.   The proceedings of the commissioner were correct and legal in every respect, and proper maps were filed, and a suitable public record made.   The premises of the respondent, Hans P. Bradsted, are within the boundary so established.   The enumeration disclosed the fact that the unincorporated village so limited and

bounded contained over 1,800 inhabitants, and, being in excess of 1,200, the amount of excise tax within said village was determined to be the sum of $200, under the provisions of the liquor tax law. In the latter part of the month of April, 1898, Bradsted obtained a liquor tax certificate from the county treasurer for the sum of $100, on the representation made by him at the time that his place was not within the limit or boundary so established by the commissioner, but that it was in a separate village or hamlet from that of Spring Valley, and known as "Heyengaville." The license conferred by this certificate will expire April 30, 1899, and these proceedings are taken to enjoin Bradsted from trafficking under it.

The evidence does not disclose the existence of any separate community known as "Heyengaville." The locality is on the southeast corner of Spring Valley, was first known as "Dutch Factory," afterwards locally as "Heyengaville," from the name of the purchaser (Heyenga) of the factory, but is not in any sense a separate and distinct hamlet. There is no apparent break or vacancy between the conceded part of the unincorporated village of Spring Valley and the place in question, and all is built up in the general village style. There are no post office and no stores located among the cluster of houses which Bradsted calls "Heyengaville." There are a factory, the premises of a charcoal burner, and a dozen or more tenement houses, but on the surface the entire inclosure within the limit or boundary created by the commissioner is apparently one community. Bradsted has a box in the Spring Valley post office, and his name appears in the Spring Valley directory as that of the keeper of a saloon on Central avenue. In view of the object to be accomplished, namely, that of establishing a proper fee or tax to be paid by the applicant for a certificate entitling the holder to traffic in liquor, it is evident that the commissioner has only included one unincorporated hamlet or village in the limit established, within the meaning of the law. If, however, Heyengaville is to be regarded as a separate community or unincorporated village, I am still of the opinion that the commissioner may include several hamlets within a single limit or boundary, so long as they are so close together as to constitute, for all purposes of trade and association, a single community. Nor should the court interfere, unless in a case where the action of the commissioner indicated a palpable abuse of the discretion vested in him by law to the prejudice, in some way, either of the applicants for permission to traffic in liquor or of the communities affected. Central avenue, which divides the village of Spring Valley as actually built up and as established by the commissioner, is on the dividing line between the towns of Ramapo and Clarkestown. As a consequence, one-half of the village is included in the town of Ramapo and the other half in the town of Clarkestown. At the time of the enumeration, trafficking in liquor was permitted in the town of Clarkestown, but forbidden in the town of Ramapo by vote of the electors of these towns, respectively, and the legality of the commissioner's action is assailed in these proceedings for that reason. I do not think the circumstance affects the validity of the commissioner's act. There is nothing in the law to prevent an enumeration being taken of the inhabitants of an unincorporated

village situated partly within a township where trafficking in liquor is permitted and partly in a township where it is prohibited. The object is simply to ascertain the number of inhabitants in a settled community for the purpose of determining the proper and equitable tax to be paid by any one who may, under the provisions of the law, be permitted to carry on the sale in said community. The premises of Bradsted are located in the town of Clarkestown, and the sale of liquor was permitted in that town at the time he applied for and procured the certificate. The fact that liquor could not be sold in that part of the village included within the township limit of Ramapo was not, in any sense, an injury to him. On the contrary, the tendency of that fact was to limit competition without lessening custom. The designation of the limits of an unincorporated village is to continue for five years, while the voters are at liberty to change the policy of the town every two years. It is quite apparent that the legislature must have had in view the possibility that a different policy might prevail with respect to the sale of liquor in different portions of an unincorporated village under the provisions of the act where such village is located in more than one town. The absence of any provision limiting the power of the commissioner to establish a boundary line around such a village must be deemed conclusive. On the other hand, the existence of such power does not conflict with any of the other provisions of the law. The taxes assessed are not to be apportioned in any event to the village or hamlet, but will go to the town in which the dealer or licensee resides. Section 13.

I have examined the other questions presented on this application, but do not regard them as worthy of extended consideration. The order prayed for should be granted.

Order granted.